**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **IN RE: HARD'S MARINE SERVICE, LTD., AS OWNER AND OPERATOR OF THE M/V CAPT D PRAY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 4:26-cv-553** |
| | **IN ADMIRALTY** |

# JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

**A conference was held on April 17, 2026. Participating in the conference were:**

**For Claimant, Kasey Loyd: Michael S. Tilton; State Bar No. 24056438; Federal Bar No. 876832; 3730 Kirby Dr., Suite 1020, Houston, Texas 77098; telephone no. (713) 774-8600; facsimile no (713)222-2124; mtilton@tiltolawfirm.com.**

**For Limitation Petitioners, Hard's Marine Service, Ltd. and the M/V CAPT. D, *in rem*: Michael W. Maldonado, SDT Fed. ID No. 3931453, 3500 North Causeway Blvd., Suite 820, Metairie, Louisiana 70002; telephone no. (504) 838-0019; facsimile no. (504) 838-0043; michael@seklaw.com**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

***Kasey Loyd v. Hard's Marine Service, Ltd.*, Case No. 202557276, pending in the 234th Judicial District Court for Harris County, Texas – filed on August 12, 2025**

**Limitation Petitioners filed the instant action on January 23, 2026.**

3. Briefly describe what the case is about.

**This case arises out of an alleged maritime personal injury incident that occurred on October 8, 2024. At the time, Claimant, Kasey Loyd, was employed as a deckhand for Limitation Petitioner, Hard's Marine Service, Ltd., and worked aboard the M/V CAPT D. Mr. Loyd allegedly sustained injuries while unloading cargo from one of the barges in the M/V CAPT D's tow to the M/T STORHOLMEN via the crane on the**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Defendant - June 19, 2026**

C. When and to whom the defendant anticipates it may send interrogatories.

**Plaintiff – June 19, 2026**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff intends to depose: Fact witness, crewmembers of the M/V CAPT. D, crewmembers of the M/T STORHOLMEN, medical providers, corporate representatives of the defendant, any witnesses identified by the Defendant in Initial Disclosures or Interrogatories, and any experts designated by the Defendant.**

**Plaintiff intends to complete depositions of all witnesses except experts by February 1, 2027.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendant intends to depose: Fact witness, crewmembers of the M/V CAPT. D, crewmembers of the M/T STORHOLMEN, medical providers, corporate representatives Ocm Tuna Storholmen, LLC, any witnesses identified by the plaintiff in Initial Disclosures or Interrogatories, and any experts designated by the Plaintiff.**

**Defendant intends to complete depositions of all witnesses except experts by February 1, 2027.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will designate experts and provide reports by March 1, 2027.**
**Defendant will designate experts and provide reports by April 1, 2027**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff plans to depose the defense's experts by May 15, 2027.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant plans to depose the plaintiff's experts by April 15, 2027.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Limitation Petitioners have responded to Request for Admissions propounded by Claimant. Additional written discovery is anticipated but has not yet been completed.**

13. State the date the planned discovery can be reasonably completed.

**May 31, 2027.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties do not believe that alternative dispute resolution or further settlement discussion would be meaningful at this time. The parties will re-evaluate their position on this after key depositions are taken.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have agreed to explore potential settlement discussions after key witness depositions are completed.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Mediation may be reasonably suitable in this case at a later date.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**No.**

18. State whether a jury demand has been made and if was made on time.

**A jury demand was timely made.**

19. Specify the number of hours it will take to present the evidence in this case.

**40 hours (5 days)**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

21. List other motions pending.

**None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Both parties believe that Ocm Tuna Storholmen, LLC and the M/T STORHOLMEN, *in rem*, are likely to be added as parties.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Limitation Petitioners filed their Disclosure of Interested Parties on February 10, 2026.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**For Claimant, Kasey Loyd:**

**Michael S. Tilton; State Bar No. 24056438; Federal Bar No. 876832; 3730 Kirby Dr., Suite 1020, Houston, Texas 77098; telephone no. (713) 774-8600; facsimile no (713)222-2124; mtilton@tiltolawfirm.com.**

**Tony R. Taft; State Bar No. 24008119; Federal Bar No. 23391; 1515 Woodvine Drive, Houston, Texas 77055; telephone no. (713) 465-8238; facsimile no. (713) 465-9400; ttaft@thetaftlawfirm.com.**

**For Limitation Petitioners, Hard's Marine Service, Ltd. and the M/V CAPT. D, *in***

*rem*:

**Jason R. Kenney, SDT Fed. ID No. 2923343, 3500 North Causeway Blvd., Suite 820, Metairie, Louisiana 70002; telephone no. (504) 838-0019; facsimile no. (504) 838-0043; jason@seklaw.com**

**Corey P. Parenton, State Bar No. 24095858, 3500 North Causeway Blvd., Suite 820, Metairie, Louisiana 70002; telephone no. (504) 838-0019; facsimile no. (504) 838-0043; corey@seklaw.com**

**Michael W. Maldonado, SDT Fed. ID No. 3931453, 3500 North Causeway Blvd., Suite 820, Metairie, Louisiana 70002; telephone no. (504) 838-0019; facsimile no. (504) 838-0043; michael@seklaw.com**

Michael Tilton (w/ permission) 4/17/26

Counsel for Plaintiff(s) Date

4/17/26

Counsel for Defendant(s) Date